UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TORREY NELSON,<br><br>       Plaintiff,<br>  v.<br><br>COWLITZ COUNTY, MARK NELSON, in his official capacity as Sheriff of Cowlitz County, DANIEL O'NEILL, individually and as an employee of Cowlitz County,<br><br>       Defendants. | CASE NO. 17-6018 RJB<br><br>FINAL ORDER ON MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. 38. The Court has considered the motion and the remaining file.

This case arises from Defendant Deputy O'Neill's arrest of Plaintiff Torrey Nelson, a forty-five year old African American man, for driving under the influence of alcohol on December 12, 2016. Dkt. 1. After the criminal charges were dismissed, the Plaintiff filed this case, pursuant to 42 U.S.C. § 1983, asserting that Deputy O'Neill and the other Defendants violated his First, Fourth, and Fourteenth Amendment rights and committed various state torts.

FINAL ORDER ON MOTION FOR RECONSIDERATION - 1

The Defendants moved for summary judgment dismissal of the case. Dkt. 15. The Plaintiff filed a cross motion, and moved for summary judgment on his Fourth Amendment claim – that he was impermissibly seized without probable cause when he was arrested. Dkt. 18. On January 4, 2019, the Defendants' motion for summary judgment (Dkt. 15) was granted, in part, and denied, in part, and the Plaintiff's motion for summary judgment (Dkt. 18) was denied. Dkt. 37.

On January 10, 2019, Plaintiff moved for reconsideration of the portion of the January 4, 2019 decision dismissing his Fourteenth Amendment claim in which he alleged that he was arrested based on his race. Dkt. 38. On January 10, 2019, the Court set a briefing schedule and renoted the motion for reconsideration for January 18, 2019. Dkt. 39. The Defendants have now responded (Dkt. 40) and the Plaintiff filed a reply (Dkt. 41) and the motion is ripe for decision.

## I. FACTS

The background facts are in the January 4, 2019 Order (Dkt. 37, at 1-10) and are adopted here by reference.

## II. DISCUSSION

Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The portion of the January 4, 2019 Order that is at issue here provides:

> The Defendants move for dismissal of [Plaintiff's Fourteenth Amendment] claim, arguing that there is no evidence that Deputy O'Neill's decision to stop the Plaintiff for speeding or his decision to arrest the Plaintiff was based on the Plaintiff's race. Dkt. 15.

> The Defendants' motion to dismiss this claim should be granted. The Plaintiff did not respond to the motion for summary judgment to dismiss this claim. Plaintiff's subjective belief that Deputy O'Neill was motivated by discriminatory animus, without more, is insufficient. *See Gomez v. City of Fremont,* 730 F. Supp.2d 1056 (N.D. Cal. 2010). The Plaintiff fails to point to facts in dispute. The Defendants are entitled to a judgment as a matter of law and this claim is dismissed with prejudice.

Dkt. 37, at 20. In his Motion for Reconsideration, the Plaintiff properly points out that he did respond to the summary judgment motion to dismiss this claim. Dkt. 38. The Plaintiff's response to the summary judgment motion provided in relevant part,

> **DEPUTY O'NEILL IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR ARREST BASED ON RACE.**
>
> "The absence of direct evidence of discriminatory intent does not mandate summary judgment." *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1152 (9th Cir. 2006). To survive summary judgment plaintiff's need only show circumstantial evidence of racial bias. *Id.*, at 1152. "Substantial inconsistencies throughout" one's testimony implicates credibility, "leading to a potential inference of discrimination." *Id.*, at 1151. The evidence in this case is sufficient under *Lindsey* to survive summary judgment.
>
> One very likely explanation for Mr. Nelson's arrest was that he was black. He was arrested almost immediately after he repeatedly complained to Deputy O'Neill that the stop and arrest were because of his race. The other Caucasian passengers in his vehicle were not questioned nor harassed. Here the proffered explanation and statement by Deputy O'Neil is fully contradicted by the video of the cover officers. Deputy O'Neil relied on classic discriminatory assertions that the black driver was 'belligerent' or 'aggressive,' which the video flatly contradicts. The description of the events provided by Deputy O'Neil in his police report reveals not the actions of Mr. Nelson, but the mind of Deputy O'Neil and his bias. He was known for rarely if ever calling for back up, yet for simple speeding he called five officers and surrounded Mr. Nelson. Deputy O'Neil treated this stop for speeding wildly different from others, and provides strong evidence of bias in motive. The inconsistencies between the reality seen in video, and his report also support a racial bias motive for the arrest. This is a factual question that cannot be resolved on summary judgment. The defendant's motion should be denied.

Dkt. 24, at 22-23.

The Court's prior order was in error. The Plaintiff did respond to the motion for summary judgment on this claim. The motion for reconsideration should be granted and the

| 1 | Court should reconsider its ruling on the Defendants' motion for summary judgment to dismiss
| 2 | the Plaintiff's claim for violation of his rights under the Fourteenth Amendment.
| 3 | To maintain "a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection
| 4 | Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an
| 5 | intent or purpose to discriminate against the plaintiff based upon membership in a protected
| 6 | class," like race. *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013)(*quoting Barren v.*
| 7 | *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). A plaintiff must point to "intentional
| 8 | unlawful discrimination" or "facts that are at least susceptible of an inference of discriminatory
| 9 | intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).
| 10 | The motion for summary judgment for dismissal of this claim (Dkt. 15) should be denied.
| 11 | The Plaintiff is an African American, and so is a member of a protected class. He failed to
| 12 | provide any direct evidence of intentional unlawful discrimination. However, although the
| 13 | evidence is very thin, the Plaintiff points to "facts that are at least susceptible of an inference of
| 14 | discriminatory intent." *Monteiro,* at 1026. The portion of the January 4, 2018 order dismissing
| 15 | this claim should be reversed, and the claim remains for trial.

### III. ORDER

**IT IS ORDERED:**

- Plaintiff's Motion for Reconsideration (Dkt. 38) **IS GRANTED**; and
- On reconsideration, the Court's prior dismissal of the Plaintiff's Fourteenth Amendment claim, grounded in his assertion that he his arrest was based on his race (Dkt. 37) **IS REVERSED**; and
- Plaintiff's Fourteenth Amendment claim in which he alleged that he was arrested based on his race **REMAINS**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 24th day of January, 2019.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge