UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TORREY NELSON,<br><br>                Plaintiff,<br>    v.<br><br>COWLITZ COUNTY, MARK NELSON, in his official capacity as Sheriff of Cowlitz County, DANIEL O'NEILL, individually and as an employee of Cowlitz County,<br><br>                Defendants. | CASE NO. 17-6018 RJB<br><br>ORDER ON MOTIONS *IN LIMINE* |

**Preliminary matters**

First, the Federal Rules of Evidence govern admissibility of evidence. The court will do its best to follow those rules in ruling on these motions and in conducting the trial. The parties should be aware that the court cannot accurately rule on all evidentiary issues in advance. Many rulings are based on the events of the trial, and many issues can best be resolved at trial rather than preliminarily.

Second, the denial of a motion in limine does not mean that the subject evidence will be admissible. It simply means that the court cannot rule on the issue in advance.

ORDER ON MOTIONS IN LIMINE - 1

Third, the granting of a motion in limine that excludes evidence often requires a re-examination of the issue due to the events of the trial.

Fourth, many motions in limine to exclude evidence are based upon a lack of discovery. In ruling on such matters, the court needs to be made aware of whether discovery on the questioned evidence was required by Rule 26 (a)(1)(A) and (B) et seq, or by the exact language of the request for discovery. Parties are entitled to discovery only in accord with the Federal Rules of Civil Procedure, and they can't expect to know everything before trial. Parties can only expect to know those things that were specifically and properly required or requested in formal discovery.

Fifth, a motion in limine for exclusion only attacks an opponent's evidence, not that of the moving party.

A great many of the motions filed in this case are thoroughly covered by the Rules of Evidence and other rules of law, and many of the motions *in limine* are surplus and not necessary.

**Plaintiff's Motions** *in Limine* **(Dkt. 46)**

Motions 1, 2, 3, 4, 5 and 6 are covered by the rules and practice, and need not be ruled on and are therefore DENIED.

Motion 6 – Motion to bar defendants from introducing any testimony or arguments suggesting plaintiff through his attorneys asserted claims of privilege during discovery. This motion should be GRANTED.

Motion 7 – Motion to bar defendants from any attempt to elicit testimony from plaintiff about communication with any of his lawyers. This motion should be GRANTED.

ORDER ON MOTIONS IN LIMINE - 2

Motion 8 – Motion to bar defendants from any mention of the probable testimony of a witness who is absent, unavailable, etc. This motion is covered by the Rules of Evidence and should be DENIED.

Motion 9 – Motion to bar defendants from any attempt to request plaintiff to produce documents, stipulate to any fact, or make any agreement in the presence of the jury. This motion should be GRANTED, although it is surplussage in the hands of qualified trial lawyers.

Motion 10 – Motion regarding racial jury strikes. This motion should be DENIED. The law covers this issue.

Motion 11 – Motion regarding inflaming the passion or prejudice of jurors. This motion should be DENIED.

Motion 12 – Motion to bar defendants from introducing testimony or argument that a goal or main goal of DUI enforcement is reducing traffic fatalities, etc. While the relevance of such testimony is questionable, this motion should be DENIED.

Motion 13 – Motion to bar defendants from introducing testimony or argument regarding traffic fatalities that any witness has investigated or observed. This motion should be GRANTED.

Motion 14 – Motion to bar defendants from introducing testimony or argument regarding Mr. Nelson's decision not to consent to a portable breath test. This motion should be GRANTED without prejudice to an offer of proof and argument outside the presence of the jury.

Motion 15 – Motion regarding evidence of the automobile driven by Mr. Nelson. This motion should be GRANTED and is agreed.

Motion 16 – Motion to bar defendants from offering Defense Exhibit A0003, Deputy O'Neill's Probable Cause Affidavit. This motion should be DENIED.
ORDER ON MOTIONS IN LIMINE - 3

  Motion 17 – Motion to bar defendants from offering Defense Exhibit A0005 and A0010, Deputy O'Neill's DUI Arrest Reports.  This motion should be DENIED.

  Motion 18 – Motion to bar defendants from offering Defense Exhibit A0006, a DUI breath test machine print out.  This motion should be GRANTED.

  Motion 19 – Motion to bar defendants from offering defense exhibit A0007, a report written by a Cowlitz County Sheriff's Deputy.  This motion should be DENIED.

  Motion 20 – Motion to bar defendants from offering Defense Exhibit A0008, a property evidence log.  This motion should be GRANTED.

  Motion 21 – Motion to bar defendants from offering evidence obtained post-arrest in support of the arrest of Mr. Nelson.  This motion should be GRANTED.

  Motion 22 – Motion to bar defendants from offering evidence that Deputy O'Neill conducted a post-arrest test of Mr. Nelson at the jail, known as a horizontal gaze nystagmus test.  This motion should be GRANTED.

  Motion 23 – Motion to bar defendants from offering testimony regarding the presence of any firearm found in Mr. Nelson's vehicle.  This motion should be GRANTED.

  Motion 24 – Motion to bar defendants from offering testimony regarding the presence of marijuana in Mr. Nelson's vehicle.  This motion should be GRANTED.

  Motion 25 – Motion to bar defendants from offering evidence that Mr. Nelson declined the evidentiary breath test at the police station.  This motion should be GRANTED.

  Motion 26 – Motion to bar defendants from offering evidence that plaintiff provided a PBT sample at the police station.  The court will reserve ruling on this motion subject to offer of proof and argument.

Motion 27 – Motion to bar defendants from offering evidence regarding the exercise of the right to remain silent.  This motion should be GRANTED.

Motion 28 – Motion to bar defendants from offering any post-arrest statements made by Mr. Nelson as Deputy O'Neill impermissibly interrogated him after Mr. Nelson had invoked his right to remain silent.  This motion should be GRANTED.

**Defendants' Motions** *in Limine* **(Dkt. 43)**

Motions A, B, C. D, E and F are agreed and should be GRANTED.

Motion G – testimony from any witness not properly disclosed pursuant to Federal Rule of Civil Procedure 26.  This motion should be GRANTED.

Motion H – Evidence related to prior determination of probable cause.  This motion should be GRANTED as to determinations of probable cause, but that does not eliminate the possibility of testimony regarding what occurred at other hearings.

Motion I – Testimony, evidence, or argument not pled or reasserting claims dismissed as a matter of law in summary judgment.  This motion should be GRANTED, but this ruling does not necessarily limit evidence regarding dash board cameras or videos.

Motion J – Transcripts of prior unsworn interviews and testimony.  This motion should be DENIED.

Motion K – 24-hour notice.  The parties agree on 24-hour notice of evidence at trial, and the motion should be GRANTED.

Motion I – Motion regarding any argument or evidence that the parties have file motions *in limine*.  This motion is agreed and should be GRANTED.

IT IS SO ORDERED.

ORDER ON MOTIONS IN LIMINE - 5

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of February, 2019.

*[signature]*

ROBERT J. BRYAN
United States District Judge